**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

GARY GEORGE, Plaintiff

VS. C.A. No 05 -

CA 05 434 ML

DEAN ESSERMAN individually and in his capacity as Chief of Police of the Providence Police Department, PAUL FITZGERALD individually and in his capacity as Major of the Providence Police Department, JAMES NOLETTE individually and in his capacity as Captain of the Providence Police Department, ANTHONY SAURO individually and in his capacity as Captain of the Providence Police Department, MARK MANCINI individually and in his capacity as Sergeant of the Providence Police Department, SHAWN KENNEDY individually and in his capacity as Patrolman of the Providence Police Department, JUAN ROBLES individually and in his capacity as Patrolman of the Providence Police Department, DAVID CICILLINE individually and in his capacity as both Mayor of the City of Providence and as Public Safety Commissioner of the City of Providence, and ALEX PRIGNANO individually and in his capacity as Finance Director of the City of Providence, Defendants

**COMPLAINT**

**I. INTRODUCTORY STATEMENT**

This action is being brought by the Plaintiff seeking relief from and damages for the violation of his Civil Rights by the Defendant who, under Color of Law, arbitrarily, deliberately and maliciously interfered with and denied the Plaintiff the lawful exercise of his rights and enjoyment of his property in violation of the Second, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and both Article 1, Sections Second and Sixth of the Constitution of the State of Rhode Island and Rhode Island General Law (specifically, but not limited to, R.I.G.L. 42-92, Equal Access to Justice Act).

## II. JURISDICTION AND VENUE

1. The Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C., Sections 1331, 1343, 1361, 1367 (supplemental), 2202 and 42 U.S.C. Sections 1983 and 1985(3).

2. Venue is proper in this Court as both the Plaintiff and the Defendants are residents of the State of Rhode Island and all acts relevant to this action occurred in the State of Rhode Island.

## III. THE PARTIES

3. Plaintiff is a resident of the City of Providence, State of Rhode Island.

4. Defendant DEAN ESSERMAN is the Chief of Police of the Providence Police Department and as such is responsible for establishing Department Policy and directing the day to day operations of said Police Department.

5. Defendants Major PAUL FITZGERALD, Captain JAMES NOLETTE, Captain ANTHONY SAURO, and Sergeant MARK MANCINI are Shift Officers and as such are responsible for the supervision of Patrol Officers assigned to their shift.

6. Defendants SHAWN KENNEDY and JUAN ROBLES are Patrol Officers assigned to shift supervised by the aforenamed.

7. Defendant DAVID CICILLINE is the Mayor of the City of Providence and the appointing authority for the Chief of Police of the City of Providence.

8. Defendant DAVID CICILLINE is the Public Safety Commissioner of the City of Providence and the immediate supervisor of Defendant DEAN ESSERMAN.

9. Defendant ALEX PRIGNANO is sued in his capacity as Finance Director of the City of Providence.

## IV. MATERIAL FACTS

10. On December 15, 2004 at 5:37 PM, Defendants Kennedy and/or Robles, acting in their capacity as Providence Police Officers responded to Plaintiff's home at 206 Progress Street in Providence, Rhode Island and were advised by Plaintiff's wife, Joanne George, that she and Plaintiff had had an argument.

11. On December 16, 2004 at 4:00 PM, Defendants Kennedy and/or Robles, acting in their capacity as Providence Police Officers, again responded to Plaintiff's home at 206 Progress Street in Providence, Rhode Island and, without probable cause, arrested

Plaintiff on a charge of Domestic Disorderly conduct based on the aforementioned argument on the previous day.

12. Defendants Kennedy and/or Robles ordered Plaintiff to show them where he kept his firearm and confiscated said firearm "for safe keeping purposes."

13. On December 17, 2004, the charge of Domestic Disorderly conduct was dismissed by Rhode Island District Court Judge after a Motion to Dismiss was granted based on lack of probable cause.

14. On several occasions since, Plaintiff and/or counsel acting on his behalf have contacted the Providence Police Department seeking the return of said firearm and have been repeatedly advised by unnamed officers that it was policy to hold them and that, if Plaintiff wanted it returned, he would "have to get a Court Order."

15. The Defendants by their actions, under the color of law and without any jurisdiction or authority at Law, seized the Plaintiff's lawfully owned property and further refused his request for the return of said property.

**WHEREFORE, The Plaintiff Prays that this Honorable Court:**

1. Find as a Matter of Law the Defendants acted in deliberate disregard to the Plaintiff's civil rights and maliciously abused their authority, under the Color of Law, with the intent to unlawfully deny the Plaintiff his lawful property.

2. Order the Defendants to return, forthwith, the property of the Plaintiff that was seized and confiscated.

3. That the Defendants be permanently enjoined and restrained from confiscating any firearm which is in the lawful possession of any person unless said firearm is directly related to the commission of a crime and the person in possession of said firearm is charged with a firearm related crime under Title 11 of the Rhode Island General Laws or said firearm is named in and the subject of a valid search warrant issued by a Court of competent jurisdiction.

4. That Defendant Esserman be ordered to discontinue any policy or practice, written or otherwise, that directs members of the Providence Police Department to confiscate firearms that have no relationship to the commission of a crime.

5. That Defendant Esserman be ordered to discontinue any policy or practice that requires a lawful owner of a firearm confiscated by the Providence Police Department to obtain a Court Order for the return of any firearm seized and said firearms shall be returned to the owner within twenty four (24) hours after said owner makes demand for their return.

6. That Defendant Esserman be directed to order that no firearm in the lawful possession of any person shall be seized or confiscated unless said firearm is directly related to the commission of a crime and the person in possession of said firearm is charged with a firearm related crime under Title 11 of the Rhode Island General Laws and further, said order shall be in writing and provided to all members of the Providence Police Department above the rank of Sergeant.

7. That Defendant Esserman be ordered to have said order referred to in Paragraph Six (6) read at all roll calls for three (3) consecutive days.

8. That based on the illegal conduct of the Defendants, Plaintiff be awarded the sum of Fifty Thousand ($50,000) Dollars as punitive and exemplary damages in order to deter and prevent similar conduct by the Defendants or other Law Enforcement Officers in the future.

9. That the Plaintiff's Attorney be awarded a reasonable fee plus the costs of this litigation pursuant to 42 U.S.C. 1983 and/or R.I.G.L. 42-92.

10. That this Honorable Court grant any and all other relief that the Court deems as just and proper.

**DESIGNATION OF COUNSEL**

The Plaintiff hereby designates Brian D. Fogarty, Esq. as trial counsel.

Plaintiff, by his Attorney,

Brian D. Fogarty, Esq. 5927
Law Offices
1454 Main Street
West Warwick, RI 02893
(401) 821-9945